UNITED STATES DISTRICT COURT     CASE NO. 7:25-cv-00756-CS
SOUTHERN DISTRICT OF NEW YORK
THE SECRETARY OF THE U.S. DEPARTMENT
OF HOUSING AND URBAN DEVELOPMENT, an
agency of the UNITED STATES OF AMERICA,

                   Plaintiff,

     -against-                       JUDGMENT OF FORECLOSURE & SALE

Frank J. Smith, as Executor of the Estate of Duff C. Smith,
deceased; New York State Department of Taxation and
Finance; The People of the State of New York o/b/o Town of
Poughkeepsie Court; Debra Jordan, Luis Jordan, Christian
Jordan; "JOHN DOE #1-5" and "JANE DOE #1-5", said
names being fictitious, it being the intention of plaintiff to
designate any and all occupants, tenants, persons or
corporations, if any, having or claiming an interest in or
lien upon the premises being foreclosed herein,

                   Defendants

_____

     On the summons and complaint filed on January 27, 2025, the Affirmation and Memorandum of Law of John Manfredi, attorney for the Plaintiff, the affidavit of William Collins, sworn to on June 6, 2025, the affidavits of service filed with this Court, the certificates of default entered by the Clerk, and upon all of the proceedings had herein, the Court finds that:

     This action was brought to foreclose a mortgage on real property located in Richmond County.

     The defendants were duly served with the summons and complaint. The time to answer or move with respect to the complaint has expired and the same has not been extended by consent or by order of this Court. No answer or motion directed to the complaint has been interposed by or on behalf of the defendants. The defendants are not infants, incompetent or absentee. Accordingly, the defendants are in default.

     A notice of pendency containing all the particulars required by law has been duly filed as aforesaid in the Dutchess County Clerk's Office on January 29, 2025.

     The mortgaged premises should be sold in one parcel.

The amount due to plaintiff on the note and mortgage described in the Complaint is $1,004,594.26 as of June 5, 2025;

**NOW**, on motion of plaintiff The Secretary of the U.S. Department of Housing and Urban Development, an Agency of the United States of America, and the Court having determined that an evidentiary hearing is unnecessary on the issue of damages, in light of the affidavit and documentary evidence submitted by plaintiff, it is

**ORDERED AND ADJUDGED** that the defendants Frank J. Smith, as Executor of the Estate of Duff C. Smith, deceased, New York State Department of Taxation and Finance, The People of the State of New York o/b/o Town of Poughkeepsie Court, Debra Jordan, Luis Jordan, and Christian Jordan are in default; and it is

**ORDERED AND ADJUDGED** that this action is dismissed against defendants "John Doe #1-5" and "Jane Doe #1-5" and it is

**ORDERED AND ADJUDGED**, that the plaintiff have judgment for the sum of $440,827.47 in principal, accrued interest in the sum of $518,071.99, service charges of $5,700.00, mortgage insurance premium of $39,994.80, due as of June 5, 2025, and the sum of $1,292.08 as taxed by the Court for the costs and disbursements due to the plaintiff in this action, and it is further

ORDERED AND ADJUDGED, that the mortgaged premises described in the complaint and as hereinafter described, shall be sold as provided by New York Real Property Actions and Proceedings Law ("N.Y. RPAPL"), in one parcel, at public auction to be held at on the front steps of the United States District Courthouse at 300 Quarropas St, White Plains, NY 10601 by and under the direction of Anne Penachio, Esq. with offices at 245 Main Street, Suite 450, White Plains, NY 10601 (914-946-2889) who is hereby appointed Master for that purpose. That said Master give public notice of the time and place of said sale in accordance with N.Y. RPAPL § 231 by advertising in The Poughkeepsie Journal, and it is

**ORDERED AND ADJUDGED,** that the Master shall accept at such sale the highest bid offered by a bidder, who shall be identified upon the Court record, and shall require that such successful bidder immediately pay to the Master in cash or certified or bank check payable to such Master, ten percent of the sum bid, and shall execute a Terms of Sale for the purchase of the premises, unless such successful bidder is the plaintiff herein, in which case, no deposit against the purchase price shall be required, and it is further

**ORDERED AND ADJUDGED,** that in the event that the first successful bidder fails to immediately pay the ten percent deposit as provided herein or fails to execute the Terms of Sale immediately following the bidding upon the subject property, the property shall thereafter immediately, on the same day, be reoffered at auction, and it is further

**ORDERED AND ADJUDGED,** that the closing of title shall take place at the office of the Master or at such other location as the Master shall determine within thirty days after such sale unless otherwise stipulated by all parties. The Master shall transfer title only to the successful bidder at the auction. Any delay or adjournment of the closing date beyond thirty days may be stipulated among the parties, with Master's consent, up to ninety days from the date of sale, any adjournment beyond ninety days may be set only with the approval of the Court, and it is further

**ORDERED AND ADJUDGED,** that said Master shall deposit the balance of said proceeds of sale in his own name as Master in his attorney client-fund / escrow bank account, and shall thereafter make the following payments and his checks drawn for that purpose shall be paid by said depository:

1st: The sum of $750.00 paid to said Master for Master fee herein.

2nd: The expenses of the sale, including the cost of advertising as shown on the bills presented and certified by said Master to be correct, copies of which shall be annexed to the Master's Report of Sale.

3rd: Pursuant to N.Y. Real Property Actions and Proceedings Law § 1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the property by a city agency which have priority over the foreclosed mortgage, which are liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment.

4th: The sum of $1,292.08 adjudged as aforesaid due to Plaintiff for its costs and disbursements in this action, and the sum of $1,004,594.26, the amount adjudged due to the Plaintiff under the note and mortgage as of as of June 5, 2025, plus pre-judgment interest accruing pursuant to the Note from June 6, 2025 through date of judgment entry, and thereafter post judgment interest accruing pursuant to 28 U.S.C. § 1961(b) after the date of entry of judgment.

Said Master shall deposit the surplus moneys, if any, with the Clerk of this Court within 5 days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court, and it is

**ORDERED AND ADJUDGED**, that in case the plaintiff is the purchaser of the mortgaged premises at said sale, the Master shall not require the plaintiff to pay in cash the entire amount bid at the sale, but shall execute and deliver to the plaintiff a deed of the mortgaged premises sold upon payment to the Master of the sum awarded to him or her under the above provisions marked "FIRST", "SECOND", and "THIRD" if such expenses were paid by the Master, or in lieu of the payment of said last mentioned amounts, upon filing with said Master receipts of the proper municipal authorities showing payment thereof. The balance of the amount bid, after deducting therefrom the aforementioned payments to the Master for compensation and expenses, taxes, assessments, water rates, sewer rents and priority liens of a city agency, shall be allowed to the plaintiff and applied by said Master upon the amounts due to the plaintiff as specified in item marked "FOURTH". If upon so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the plaintiff, the plaintiff shall pay to the said Master, upon delivery to plaintiff of said Master's deed, the amount of such surplus which shall be applied by the Master, upon motion made pursuant to N.Y. RPAPL § 1351(3) and proof of satisfactory to the Master of the sums due thereon, to any subordinate mortgage duly recorded against the property, pursuant to N.Y. RPAPL § 1354(3), which payment shall be reported in the Master's Report of Sale. Any surplus remaining after all payments as herein provided shall be deposited into Court in accordance with N.Y. RPAPL § 1354(4) and the Master shall immediately give notice of such surplus to the owner of the mortgaged premises as identified by plaintiff at the time of the sale, and it is further

**ORDERED AND ADJUDGED**, that the Master shall file his Report of Sale under oath with the Clerk of the Court, showing the disposition of the proceeds of the sale, with all convenient speed. If the proceeds of such sale be insufficient to pay the amount adjudged due to plaintiff with the expenses, interests and costs as aforesaid, said Master shall specify the amount of such deficiency in his/her Report of Sale, and it is further

**ORDERED AND ADJUDGED**, that the purchaser at said sale be let into possession on production of the Master's deed; and it is further

**ORDERED AND ADJUDGED**, that each and all of the defendants in this action, and all the persons claiming under them, or any or either of them, after the filing of the notice of pendency of this action, be and they hereby are forever barred and foreclosed of all right, title, claim, interest,

lien and equity of redemption in said mortgaged premises and each and every part thereof, and it is

**ORDERED AND ADJUDGED,** that the mortgaged premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts than an inspection of the mortgaged premises would disclose, any state of facts that an accurate survey of the mortgaged premises would show, any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any, and any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same, any rights of tenants or persons in possession of the subject premises, prior liens of record, if any, except those liens addressed in Section 1354 of the N.Y. Real Property Actions and Proceedings Law. Risk of loss shall not pass to purchaser until closing of title, and it is further

**ORDERED AND ADJUDGED,** that in the absence of Master, the Court may designate a Substitute Master forthwith.

The premises affected by this action are situated entirely within the County of Dutchess and designated as 853 Salt Point Turnpike, Poughkeepsie, NY 12601 further described in annexed Schedule "A", together with all fixtures and articles of personal property annexed to, installed in, or used in connection with the mortgaged premises, as is more fully set out in said mortgage as described in the complaint.

Dated: _White Plains_ New York.
9/18/25

_____
Honorable Judge Cathy Seibel
U.S. District Court Judge

# SCHEDULE A
## DESCRIPTION OF MORTGAGED PREMISES

All that certain plot, piece or parcel of land, situate, lying and being in the Town of Pleasant Valley, County of Dutchess and State of New York designated as Lot No. 1 on a certain map entitled "Plat of Reed Subdivision" filed In the Dutchess County Clerk's Office on December 22, 1977 as Map No. 5294 said parcel comprising 1.93 acres.

Beginning at a point on the Northerly line of Salt Point Turnpike said point being the intersection of the Northerly line of said Salt Point Turnpike with the Easterly line of lands of the Estate of John A. Reed, thence along the Easterly and Southerly line of lands of the Estate of John A. Reed, the following:

North 20-47-10 East 195.14 feet to a point,

South 82-47-00 East 264.70 feet to a point, said point being the Northwesterly corner of Lot #2 as shown on a certain map entitled Reed Subdivision and recorded in the Dutchess County Clerk's Office as map #5294,

Running thence along the Westerly line of said Lot #2 the following:

South 7-00-00 West 353.12 feet to a point on the Northerly line of Salt Point Turnpike, thence along the Northerly side of said Salt Point Turnpike, the following on a curve convex to the South having a radius of 250.00 feet and a length of 124.52 feet to a point, North 50-10-39 West 231.32 feet to the point of beginning.

Premises:              853 Salt Point Turnpike, Poughkeepsie, NY 12601
Tax Parcel ID No.:     Section: 6363 Block: 01 Lot: 174766